# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY L. BARTON,**

                **Plaintiff,**

**-vs-**                                            **Case No. 6:06-cv-133-Orl-UAM**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S SECOND MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL JUSTICE ACT (Doc. No. 18)** |
| **FILED:** | **May 17, 2007** |

On March 1, 2007, a judgment was entered remanding this case to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 15. Barton then filed his first motion for award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking $2,929.09 in attorney's fees for 18.9 hours of work during 2006 at the rate of $161.83 per hour. Doc. No. 16. The Commissioner did not oppose the relief requested. However, the Court noted that the time sheet submitted by Bradley K. Boyd, Esq., counsel for Barton, reflected that individuals with initials different from Boyd's performed much of the work. *See* Doc. No. 17 at 2.

The Court found that it could not conclude that $161.83 is a reasonable hourly rate without knowing the experience and qualification of each individual. *Id.* The Court also advised Barton that purely clerical or administrative work that was not compensable, and ordered him to file "a renewed motion for an award of attorneys' fees supported by evidence of the background, experience and customary hourly rate of the individuals who performed the work for which fees are sought, which seeks fees for only legal, rather than administrative or clerical work." *Id.* at 3.

Barton has filed a renewed motion (Doc. No. 18) that, like his previous motion, must be **DENIED** without prejudice. In this motion, Barton seeks $2,319.01 in attorney's fees for 14.32 hours of work at the rate of $161.83 per hour. Again, I note that Barton's calculations are incorrect.[1] The hourly rate sought, $161.83, multiplied by hours claimed, 14.32 hours, does not equal $2,319.01, and the time sheet supporting the motion does not reflect that 14.32 hours were worked in this case.

In addition, it appears that, for the work performed between June and December 2006, Barton resubmitted entries from the first time sheet which originally reflected that an individual with the initials "KR" had performed the work. Without providing any explanation, Barton merely deleted the initials "KR." *Compare* Doc. No. 16-5 *with* Doc. No. 18-3. As discussed in my prior order, I cannot conclude that $161.83 is a reasonable hourly rate for individuals who performed the work in this case without knowing the experience and qualification of each individual. *See* 28 U.S.C. § 2412(d)(2)(A) (fees and costs shall be based on prevailing market rates, "except that attorney's fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.").

---

[1] The calculations in Barton's first motion for EAJA fees were also incorrect. *See* Doc. No. 17 at 2 n.1.

Barton also continues to seek fees for the electronic filing and emailing of documents – work that is purely clerical and administrative. *See* Doc. No. 17 at 2; *see also Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Furthermore, Barton states that he attached to his motion "a copy of the CPI which shows an inflation rate of 29.47 percent from March 1996 through December 2006," but he failed to file the document. *See* Doc. No. 18 at 3.

Accordingly, it is **ORDERED** that on or before June 8, 2007, Barton may file his *final* motion for an award of attorneys' fees supported by evidence of the background, experience and customary hourly rate of the individuals who performed the work for which fees are sought. The renewed motion should seek compensation only for legal, rather than administrative or clerical work, and shall not seek compensation for time expended preparing the second or third motion, because such time was required only due to the insufficiency of the previous filings.

It is further **ORDERED** that the third motion for an award of attorney's fees shall be supported by a sworn statement from Bradley Boyd and another sworn statement from Krista Rush, who is also counsel of record, each of which shall state precisely who performed each task listed on the time sheet and, to the extent that the original initials on the time sheet did not accurately reflect who performed

the work, shall explain the discrepancy. Counsel are cautioned that making false or misleading representations to the Court may result in sanctions against them personally.

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties